UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER SORIA, | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 16 C 8223 |
| | ) | |
| v. | ) | **Magistrate Judge M. David Weisman** |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Javier Soria brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

Plaintiff filed an application for benefits on December 11, 2012, alleging a disability onset date of January 1, 2012. (R. 67.) His application was denied initially on April 8, 2013, and again on reconsideration on September 25, 2013. (R. 77, 93.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 6, 2015. (R. 22-66.) On January 27, 2015, the ALJ issued a decision denying plaintiff's application. (R. 98-109.) The Appeals Council denied review (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

---

[1]On January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited July 27, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 100.) At step two, the ALJ found that plaintiff had the severe impairments of "chronic otitis media with mastoiditis, bilaterally, post-surgery on the right ear, with current mild right ear impairment and mild to moderate hearing loss, with high frequency loss and left knee intra meniscal degenerative changes." (*Id.* at 100-01.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (R. 104.) At step four, the ALJ found that plaintiff could perform past relevant work as a bench inspector (R. 108) because he has the RFC:

> [T]o perform medium work . . . : he can lift and carry 50 lbs maximum occasionally and 25 pounds frequently; he can stand and walk for a total of six hours out of an 8-hour workday, and sit for a total of six hours out of an 8-hour workday. The claimant can occasionally climb ladders and stairs. The claimant occasionally can crouch, kneel, and crawl. The claimant has no limitations with manipulations, vision or communications. The claimant cannot do work requiring good bilateral hearing at the full range of low and high frequency tones but is capable of understanding normal conversational tones. The claimant should avoid working around hazards and loud, noisy environments. The claimant has no limitations in understanding, remembering, and carrying out basic work tasks. The claimant is capable of adapting to changes in work environment and can get along adequately with co-workers, supervisors, and the general public.

(R. 105.) Thus, the ALJ concluded plaintiff was not disabled. (R. 108.)

Plaintiff first argues that the Appeals Council erred in failing to consider the May 14, 2015 psychological evaluation including IQ testing and October 23, 2015 mental health assessment he submitted after the ALJ rendered his decision, which establish that he has a learning disability. (*See* R. 2 ("The [ALJ] decided your case through January 27, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 27, 2015."); Pl.'s Br. Support Reversing Comm'r's Dec., Ex. A, Psychological Evaluation at 4 (stating that plaintiff's test results suggest

that he has a learning disability in the areas of "abstract reasoning, fund of information, use of common sense, and word knowledge").) The Appeals Council was only required to consider this evidence if it was "new and material." *See* 20 C.F.R. 404.970(a)(5). Evidence is "new," within the meaning of the regulation, if it was "not in existence or available to the claimant at the time of the administrative proceeding," and "material" "if it creates a reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered." *Stepp v. Colvin*, 795 F.3d 711, 725 (7th Cir. 2015) (quotations omitted).

The 2015 psychological evaluation and mental health assessment constitute "new" evidence because they post-date the administrative proceeding.[2] However, defendant argues that the evidence is not material because it would not have changed the outcome of the proceeding, given that plaintiff worked despite his learning disability.

The Court disagrees. Plaintiff does not claim that his learning disability alone renders him disabled. Rather, he argues that the learning disability in combination with his other impairments renders him disabled, a possibility the ALJ plainly did not consider. (*See* R. at 101 ("The claimant's alleged learning disability is not a medically determinable impairment . . . . [because] the evidence does not demonstrate he underwent any diagnostic testing or treatment for the alleged impairment. Therefore, without a diagnosis from an acceptable medical source, the claimant's alleged learning disability is not a medically determinable impairment."); *see also* 20 C.F.R. § 404.1527(a)(2) (stating that psychologists are "acceptable medical sources"). In fact, the RFC the ALJ formulated is explicitly premised on the absence of a learning disability.

---

[2]Though the evidence post-dates the administrative hearing, it reflects plaintiff's intellectual functioning at the time of the hearing, as the regulations require. *See* 20 C.F.R. § 416.1470(a)(5) (stating that new and material evidence is that which "relates to the period on or before the date of the hearing decision."); *see also Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001) ("[A] person's IQ is presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning.").

(*See* R. at 105 (stating that "[t]he claimant has no limitations in understanding, remembering, and carrying out basic work tasks" and is "capable of adapting to changes in work environment").) Had the ALJ considered plaintiff's learning disability in conjunction with plaintiff's other impairments, the outcome of the administrative proceeding might well have been different. Thus, the 2015 psychological evidence was both "new" and "material" within the meaning of the regulations, and the Appeals Council's failure to consider it was error.

### Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [12], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order. This case is terminated.

**SO ORDERED.**                           **ENTERED:  July 27, 2017**

_____

**M. David Weisman**
**United States Magistrate Judge**